No. 15,007.

LEWIS, ADMINISTRATRIX *v.* FITZSIMMONS.
(122 P. [2d] 882)

Decided February 16, 1942.

Mr. HAROLD G. KING, for plaintiff in error.

Mr. FOSTER CLINE, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A suit in equity to require conveyance of real property and for damages for wrongful detention of its possession, as well as for furnishings used in the house thereon, said to have been illegally appropriated. It having been made to appear at trial that title to the property involved had passed to innocent third parties, it

became an action solely for damages. Judgment entered for defendant.

It appeared that in 1915, defendant's husband, since deceased, owned the property in question, including the house, as well as a much more extended acreage; that November 12, 1915, he executed and delivered to a Mrs. Owens, of whose estate plaintiff is the administratrix, an instrument in writing as follows:

"Bailey, Colo.

"November 12th, 1915.

"This is to certify that Mrs. H. H. Owens has paid in full for one log house and a piece of ground better described in a deed given by me later."

"C. L. Fitzsimmons."

On the back of the instrument appeared the following endorsement: "Receipt for a log house to Mrs. H. H. Owens."

It further appeared that Mrs. Owens and her husband took immediate possession of the log house, together with some furniture and fixtures therein; that while they did not occupy the cabin much of the time, Mrs. Owens' sister, plaintiff herein, and her husband, with Mrs. Owens' consent, lived therein for some twelve or thirteen years, their last occupancy terminating about the middle of 1938; that May 22, 1928, the original owner of the property, C. L. Fitzsimmons, conveyed it to his wife (the defendant) by a deed to which Mr. and Mrs. Owens were subscribing witnesses; that at the time of the execution of the said conveyance, and when the Owenses and the Fitzsimmonses all were present, Mrs. Owens' status relative to the property was discussed, and it was agreed by all that her only interest was a lifetime use of the cabin, no deed having been, and none to be, issued therefor; that January 30, 1939, Mrs. Owens, (her husband having preceded her in death) departed this life, and at that time, and for some seven months preceding, defendant had been in possession of the said

property; that during the period from 1915, the date of the instrument on which plaintiff relies, to 1938, the Owenses paid the taxes on the cabin, and the Fitzsimmonses paid on the land; that at all times while life held, the Owenses and Fitzsimmonses were cordial friends, and that not until the death of Mrs. Owens—both her husband and Mr. Fitzsimmons having predeceased her—and the discovery by plaintiff of the paper writing above mentioned, was any claim other than the right to occupy the cabin made pursuant thereto, an attitude only consistent with the testimony indicating that the Owenses understood that to be the situation, and claimed nothing more at that time.

At the conclusion of the case the observation of the court was "that the plaintiff has not made a case." We cannot think the court's finding is subject to challenge.

The principal contention of plaintiff is that the evidence of the attitude of the Owenses as to their rights in the premises, in so far as it seemed to indicate that the use of the cabin during their lifetime was all they claimed, does violence to the statute of frauds, in that parol evidence calculated to so limit the contract was not admissible. The circumstances of the record considered, we think that view untenable. First of all, the paper on which plaintiff relies is of doubtful efficacy in so far as land, as such, is concerned. But conceding all that may be claimed for it, still we cannot think that what the Owenses said in relation thereto, and their demeanor throughout the years—payment of taxes only on the cabin, for instance, was to be ignored by the court in its endeavor to arrive at a just conclusion.

Considering, also, the possession of the property which defendant exercised toward the close of Mrs. Owens' life, and afterwards, and keeping in mind that until this suit was filed August 27, 1940, by the representative of her estate that such possession never was formally challenged, we think that whatever rights otherwise might have been predicated on the very informal writing on

which reliance rests, it is reasonable to conclude there was oral rescission, and that the parties had acted thereon. On such hypothesis, defendant in error should prevail. 58 C.J., p. 1194, §550. See, also, 38 A.L.R. 294, et seq., where the authorities are reviewed at length.

In relation to furnishings in the cabin, so much uncertainty existed as to who owned the whole or any part thereof, and when, the court may well have concluded that basis for judgment for plaintiff did not appear. Our study does not warrant conclusion otherwise.

We have noted all other errors urged upon our attention, but believe them to be without merit.

Let the judgment be affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE BOCK concur.